Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH KRETSCHMER, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*) |
| CONTENT IQ, LLC, a New York Limited Liability Company, doing business as "mentalflare.com" and "moneyversed.com"; and DOES 1-10, inclusive, | 2. Vicarious and/or Contributory Copyright Infringement |
| | 3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202) |
| Defendants. | **JURY TRIAL DEMANDED** |

1    Plaintiff, Hugh Kretschmer, by and through his undersigned attorneys,

2  hereby prays to this honorable Court for relief based on the following:

3                    **JURISDICTION AND VENUE**

4    1.    This action arises under the Copyright Act of 1976.

5    2.    This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and

6  (b).

7    3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

8  1400(a) in that this is the judicial district in which a substantial part of the acts and

9  omissions giving rise to the claims occurred.

10                            **PARTIES**

11    4.    Plaintiff is an individual residing in Los Angeles, California.

12    5.    Plaintiff is informed and believes and thereon alleges that Defendant

13  CONTENT IQ, LLC ("CONTENT IQ"), doing business as "mentalflare.com" and

14  "moneyversed.com" is a limited liability company organized and existing under

15  the laws of the state of New York, and does business in and with the state of

16  California and in this judicial District with a principal place of business located at

17  1 World Trade Center 77th Floor, Suite A, New York, NY 10007.

18    6.    Defendants Does 1 through 10, inclusive, are other parties not yet

19  identified who have infringed Plaintiff's copyrights, have contributed to the

20  infringement of Plaintiff's copyrights, or have engaged in one or more of the

21  wrongful practices alleged herein. Their true names, whether corporate, individual

22  or otherwise, are presently unknown to Plaintiff, who therefore sues said

23  Defendants by such fictitious names, and will seek leave to amend this Complaint

24  to show their true names and capacities when same have been ascertained.

25    7.    Plaintiff is informed and believes and thereon alleges that at all times

26  relevant hereto each of the Defendants was the agent, affiliate, officer, director,

27  manager, principal, alter-ego, and/or employee of the remaining Defendants and

28  was at all times acting within the scope of such agency, affiliation, alter-ego

relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8.      Kretschmer is an accomplished and critically acclaimed editorial, advertising, and fine art photographer. He has been published in editorial publications such as Vanity Fair, New York Times Magazine, National Geographic, and GQ, and collaborated with brands such as Penn & Teller, Old Spice, Huggies, Toyota and Sony. His images have been recognized by the International Photography Awards, American Photography, Communication Arts, PDN Photo Annual, Graphis Publications, and The Society of Publication Designers. Not only has his work been profiled in many industry publications, books, podcasts and blogs, it has also been selected for auction through Sotheby's, Vienna and exhibited in galleries in Los Angeles, New York, and Paris.

9.      Plaintiff created and exclusively owns the original photograph (the "Subject Photograph") as identified in **Exhibit A** attached hereto. The Subject Photograph were registered with the Copyright Office under registration number VA 2-176-257.

10.     Plaintiff is the sole owner of the exclusive rights in the Subject Photograph.

11.     Plaintiff is informed and believes and thereon alleges that following his publication and display of the Subject Photograph, CONTENT IQ, DOE Defendants, and each of them have willfully copied, reproduced, displayed, and distributed the Subject Photograph without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to the use on

https://mentalflare.com/, as seen in the screen captures and or URLs depicted in **Exhibit B** hereto.

### **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

12. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

13. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by without limitation, viewing the Subject Photograph on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also show access.

14. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online as seen in the screen captures attached hereto as **Exhibit B**.

15. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

16. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

18. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/Contributory Copyright Infringement – Against all Defendants, and Each)

19. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

20. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

21. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

22. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants'

profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

24. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

25. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

26. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author,

27. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

28. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph at and on websites bearing the URLs depicted in Exhibit B hereto, under its own name, and removing Plaintiff's attribution information, including without limitation his name.

29. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

30. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing,

Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

e. That Plaintiff be awarded his costs and fees;

f. That Plaintiff be awarded statutory and enhanced damages;

g. That Plaintiff be awarded pre-judgment interest as allowed by law; and

h.     That Plaintiff be awarded further legal and equitable relief as deemed

proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ.

P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 26, 2021                    By: */s/ Stephen M. Doniger*
                                       Stephen M. Doniger, Esq.
                                       Kelsey M. Schultz, Esq
                                       DONIGER / BURROUGHS
                                       Attorneys for Plaintiff

8

**COMPLAINT**

1

## **EXHIBIT A**

2

| **SUBJECT PHOTOGRAPH** |
| :---: |
|  |

1

## EXHIBIT B

2



14

[https://mentalflare.com/g/interior-design-choices/?as=708|1oa]

16

17



[https://moneyversed.com/interior-design-choices/?nogdprc=1]



[https://i.moneyversed.com/cult-owned-cafe]



[https://i.moneyversed.com/divers-ship-ring]

1
2
3
4
5
6
7
8
9
10
11
12



13
14

[https://images.boredom.com/wp-content/uploads/bolt/2020/05/cluttered%walls%202-768w.jpg]

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT**